## ANGLO-AMERICAN PACKING AND PROVISION COMPANY
## V.
## ALBERT LEWANDOWSKI.

*Personal Injuries—Fellow Servant—Incompetency—Evidence—Instructions.*

1. A servant can not recover damages from his master for an injury caused by the negligence of a fellow servant.

2. In the case presented, it is *held:* That the evidence touching the question of the incompetency and unskillfulness of the plaintiff's fellow servant clearly preponderates in favor of the defendant; and that an instruction touching the negligence of such fellow servant is erroneous.

[Opinion filed May 31, 1888.]

APPEAL from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. PAGE & BOOTH, for appellant.

Messrs. HYNES & DUNNE, for appellee.

BAILEY, J.   This was an action on the case, brought by
Albert Lewandowski against the Anglo-American Packing
and Provision Company, to recover damages for a personal
injury resulting in the loss of two fingers on the plaintiff's left
hand.   The declaration consists of one count which alleges, in
substance, that on the 22d day of November, 1884, the de-
fendant was in possession and control of a certain chopping-
block and all the necessary instruments, tools, utensils and
machines used in and about the business of chopping meats,
and that it was the defendant's duty to employ skilled and
competent workmen to use and operate said instruments, etc.,
in and about said business; that the defendant, disregarding
its duty in that behalf, directed, allowed and permitted an in-
experienced, unskillful and incompetent workman to use and
operate said instruments, etc., the inexperience and incompe-
tency of said workman being well known to the defendant but
unknown to the plaintiff, and whilst said inexperienced, un-
skilled and incompetent workman, under the directions and
orders of the defendant, through its foreman, was engaged in
chopping meats on said chopping-block with said instruments,
etc., and whilst the plaintiff, who was then and there in the
employ of the defendant, was, with all due care and diligence,
rightfully, lawfully and properly engaged, by the orders of
the defendant, in removing meat from said chopping-block
whilst the same was being chopped by the said inexperienced,
unskilled and incompetent workman, the said workman used
said instruments, etc., in such an awkward, bungling and un-
skillful manner, that, owing to said use, two of the plaintiff's
fingers were amputated and cut off by said workman.   The
defendant pleaded not guilty, and, on trial before the court
and a jury, the issues were found for the plaintiff and his
damages assessed at $2,500, and for that sum and costs the
plaintiff had judgment.

.It appears from the evidence that, at the time the plaintiff
was injured, he, Frank Sanke and Peter Noel, all servants of
the defendant, were engaged in cutting up sides of pork on
the chopping-block mentioned in the declaration.   Noel was
placing the sides of pork on the block, Sanke was using the
cleaver, and the plaintiff was removing the pieces of pork

from the block and assorting them by placing them in several boxes standing near. The sides of pork were being cut into four pieces by three strokes of the cleaver, and in almost every case a fourth stroke was required to trim off a small piece of fat from the flank. It was the custom of the choppers to make the four strokes in quick succession, and then, as a signal to the assistant to remove the pieces from the block, to rest the cleaver on the shoulder or set it in a vessel of hot water.

On the occasion of the plaintiff's injury, Sanke had made the three strokes cutting the side of pork into four pieces, and as he was making the fourth stroke to trim the small piece from the flank, the plaintiff attempted to take hold of the flank piece with his left hand, and as he was doing so, Sanke made the fourth stroke and cut off the plaintiff's fingers.

There is a conflict in the evidence as to the precise circumstances of the injury. It appears that there was occasionally a side piece of pork from which the small piece of fat did not have to be trimmed, and in such cases only three strokes were made, and then the signal was given for removing the pieces of pork from the block. The plaintiff testifies that at the time of the injury Sanke made three strokes and then rested his cleaver on his shoulder, and that he, the plaintiff, acting on such signal, was in the act of removing the pieces of pork from the block, when Sanke, without warning, struck a fourth blow, cutting off his fingers. Both Sanke and Noel, on the other hand, testify that no such signal was given, but that the four strokes followed each other in rapid succession without any pause, and that the plaintiff received his injury by attempting prematurely to remove the pieces of pork from the block.

The evidence clearly shows, and it is admitted, that Sanke, Noel and the plaintiff were fellow servants of the same master, the defendant, and that the ordinary rule applicable to injuries from the negligence of fellow servants applies. The plaintiff bases his right to a recovery solely upon the allegation of negligence on the part of the defendant in employing Sanke to act as a chopper. Evidence was given on both sides in relation to Sanke's experience, competency and skill as a

chopper, the plaintiff's evidence tending to show that he had had but very little previous experience in chopping meats, while the defendant's evidence tends to show that he had had very considerable previous experience, and was, in fact, a very competent and skillful chopper.

We have carefully considered all the evidence bearing upon the question of Sanke's skill and competency as a chopper, and of the defendant's negligence in employing him in that capacity, and are forced to the conclusion that it strongly preponderates in favor of the defendant. We purposely refrain from discussing the evidence in detail, as such discussion would be likely to embarrass rather than aid the court and parties on another trial, but simply say that, as we view the case, the preponderance in favor of the defendant upon this vital question in the case is so clear and decisive that the matter should be submitted to another jury.

We are not altogether satisfied with the finding of the jury upon the question of the plaintiff's contributory negligence. If the testimony of Sanke and Noel is to be believed, the plaintiff's injury resulted from his own carelessness. Noel, so far as appears, is a wholly disinterested witness, and Sanke has certainly no greater interest in the result than has the plaintiff. They tell substantially the same story, and are disputed only by the testimony of the plaintiff, whose interest in the event of the suit should, of course, be taken into the account.

The first instruction given to the jury at the instance of the plaintiff is subject to just criticism, in that it submits to the jury the question of the negligent acts of Sanke as an element to be considered in determining the liability of the defendant. It is too well settled to require argument or authority, that a servant can not recover from his master damages for an injury caused by the negligence of a fellow servant. It was therefore error to submit to the jury the question of Sanke's negligence, as distinguished from his incompetence and unskillfulness.

For the reasons stated the judgment will be reversed and the cause remanded for a new trial.

*Reversed and remanded.*